# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SONNY O., Jr.**, by his mother and Next Friend Maria G., **DANIEL D.**, by his mother and Next Friend, Nadine D., and **VALERIE H.**, by her mother and Next Friend, Liliya H., | : : : : : : | **CIVIL NO. 1:14-CV-1110** |
| Plaintiffs, | : : | |
| v. | : : | |
| **TERESA MILLER**, in her official capacity as Acting Secretary of Human Services of the Commonwealth of Pennsylvania, | : : : : : : | **(Magistrate Judge Carlson)** |
| Defendant. | : | |

## ORDER

AND NOW this 18th day of March 2019, this case comes before the court for further consideration of the plaintiff's motion to enforce settlement agreement, (Doc. 81), which seeks the court's intervention in order to ensure the timely promulgation of regulations by the defendants consistent with the terms of the settlement agreement executed by the parties and approved by the court in June of 2016. For the reasons set forth below, this motion is GRANTED, in part, as follows:

By way of background, in January of 2016 the parties entered into a settlement which, in part, called upon the defendants to promulgate regulations within 18 months to ensure access to health care services for children in the autism spectrum

community. This settlement was approved by the court in June of 2016, and under the terms of the agreement the initial deadline for promulgating these regulations was July of 2017.[1]

The regulations contemplated under the settlement agreement were not promulgated in a timely fashion, and the plaintiffs accordingly filed a motion to enforce the settlement agreement in December of 2017. (Doc. 81.) Since that time the court has mandated mediation efforts and has closely monitored the defendant's progress in coming into compliance with the promises it made in 2016. While these mediation efforts have made some progress, at present we have neither regulations, nor a fixed timetable for the promulgation of these regulations, an outcome which violates the terms of this settlement agreement.

---

[1] It is against the backdrop of this protracted delay that we have considered the defendants' latest proposal, which would have us extend the deadline for the Department of Human Services to complete its portion of the regulatory process to July 31, 2019, and would not set any deadlines for actual final adoption and implementation of these regulations by the Commonwealth as a whole. In effect, the defendant's proposal would ask us to extend the deadline for partial compliance with the promises it made to the thousands of Pennsylvania families facing the challenges of autism spectrum disorders by more than two years from the deadlines first agreed to by the parties without a firm commitment as to when this regulatory process would ultimately end. Mindful of the Commonwealth's obligation to fulfill this settlement agreement, and its promises to families facing autism, we will decline this invitation.

Accordingly, on February 27, 2019, we informed the parties that we intended to set a mandatory schedule for completion of this long-delayed commitment. At the Commonwealth's request, we then provided the parties with a limited opportunity to determine whether they can mutually agree to this timetable for action, but it is now reported that the parties have not been able to reach agreement on a timetable for resolution of these matters. Therefore it falls to the Court to set such a schedule.

Accordingly, IT IS ORDERED as follows:

1. The Defendant shall send its final version of the proposed regulations, which will be consistent with the agreed-upon requirements for the qualifications, training and supervision of ABA providers set forth in paragraph 4 of the settlement agreement, to the Governor's office by **May 17, 2019.** If the proposed regulations are returned to the Department with questions or revisions, Defendant shall provide all necessary responses within three weeks.

2. The Defendant shall ensure that the final proposed regulations are submitted to the Independent Regulatory Review Commission (IRRC) by **July 19, 2019**, in time to be promulgated by **October 18, 2019**.

3. In the interim, Defendant shall, by **May 17, 2019**, inform its behavioral health managed care organizations of the proposed qualifications, training

and supervision requirements for ABA providers that the Department expects to be included in the regulations, and of the need to have the capacity to meet those requirements.

4. The Court recognizes that elements of the timetable prescribed by this order call upon actions by components of state government that are not specifically named as defendants in this lawsuit. Recognizing that the Commonwealth made a commitment in 2016 to have regulations promulgated by July of 2017, which has not yet been fulfilled, and that thousands of Pennsylvanians who face the challenges of autism spectrum disorders are relying upon the Commonwealth and the parties to abide by their commitments, IT IS FURTHER ORDERED that the defendant shall provide copies of this order to officials in those other entities of state government which are responsible for implementing the regulations called for under this agreement, so that the Commonwealth as a whole may be informed of these deadlines. In the event that the plaintiffs, or any component of state government objects to these deadlines, or any substantive aspects of the court's order, they must do so in writing no later than **May 1, 2019**. Any objections should explain in detail why certain substantive aspects of the order should be reconsidered, describe why more

than two years beyond the deadlines initially set forth in the settlement agreement are now necessary to complete this process, and provide specific proposed mandatory deadlines for completion of all aspects of this process.

<u>*S/Martin C. Carlson*</u>
MARTIN C. CARLSON
United States Magistrate Judge